UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NGOC HA T. NGUYEN, individually and d/b/a ) <br> VI SAO CAFÉ, a/k/a SAO RESTAURANT, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 11-CV-00506-LHK <br><br> ORDER GRANTING MOTION TO STRIKE ANSWER WITH LEAVE TO AMEND |

Plaintiff Joe Hand Promotions, Inc. filed its Complaint on February 2, 2011, to which Defendant Ngoc Ha T. Nguyen filed a one sentence Answer Presenting Defenses Under Rule 12(b) on March 22, 2011. The case is now before the Court for determination of Plaintiff's unopposed Motion to Strike Answer. Pursuant to Civil Local Rule 7-1(b), the Court deems Plaintiff's motion suitable for determination without oral argument. Having considered the submissions of the parties and the relevant legal authority, the Court GRANTS Plaintiff's Motion to Strike Answer and gives Defendant leave to file an Amended Answer within 30 days of this order. The hearing on Plaintiff's motion is vacated; however, the Court will hold the Case Management Conference on July 28, 2011 as scheduled.

## I. Legal Standard

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As Defendant is a *pro se* litigant, the Court must generally construe pleadings liberally in Defendant's favor. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). Nevertheless, Defendant is still "bound by the rules of procedure." *Id.* The Federal Rules of Civil Procedure requires Defendant's Answer to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Additionally, any denial in the Answer "must fairly respond to the substance of the allegation" that is being denied. Fed. R. Civ. P. 8(b)(2). A general denial of all allegations in the Complaint is appropriate only when the Defendant "intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds . . . . A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).

## II. Analysis

In this case, Defendant's Answer is insufficient to satisfy the requirements of the Federal Rules. The Answer states only that "Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 1-36." Answer ¶ 1, ECF No. 5. Although Defendant may indeed lack knowledge sufficient to form a belief about the truth of some of the allegations, the Complaint also contains allegations about which Defendant cannot fairly claim to lack knowledge or information. In particular, paragraph 7 of the Complaint alleges that Defendant owns or controls the Vi Sao Cafe at 1054 Story Road, San Jose, California 95122. *See* Compl. ¶ 7. Defendant cannot fairly claim to lack knowledge regarding his own relationship to the Vi Sao Cafe.

Assuming that Defendant intended the Answer to serve as a general denial, it is still an insufficient denial. A general denial must in good faith deny all allegations in the Complaint, including jurisdiction and venue. Defendant's Answer lists Defendant's address as 1054 Story Road, San Jose, California 95122. Answer ¶ 1. This is an address within the Northern District of California. *See* 28 U.S.C. § 84(a). As it appears that Defendant resides within the District,

Defendant cannot in good faith deny that personal jurisdiction and venue are proper. Thus, a general denial of all of the allegations in Plaintiff's Complaint is not sufficient.

Finally, Defendant included copies of several documents from the case docket as attachments to the Answer. These attachments are stricken as redundant as the Court already has these documents. *See* Fed. R. Civ. P. 12(f) (permitting a court to strike redundant material from a pleading).

### III. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Strike Answer and strikes Defendant's Answer with leave to amend. **Defendant may file an Amended Answer within 30 days of this Order.** This Amended Answer should specify which allegations in the Complaint Defendant admits, which allegations Defendant denies, and for which allegations Defendant lacks sufficient knowledge or information to form a belief about their truth. Defendant is advised that pursuant to Federal Rule 8(b)(4), Defendant may admit only part of an allegation and deny the rest. Furthermore, **Defendant is advised that if he fails to file an Amended Answer within 30 days, he will be in default, and Plaintiff may seek entry of default and default judgment against him.**

If Defendant needs assistance in filing an Amended Answer, he is encouraged to contact the Federal Legal Assistance Self-Help Center. To make an appointment, either sign up at the Center, located on the 4th Floor of the Federal Courthouse in San Jose, 280 South First Street, Room 4093, or call (408) 297-1480. Defendant may find other resources for self-represented parties at http://www.cand.uscourts.gov/proselitigants.

The hearing on Plaintiff's motion is VACATED. However, the Court will hold the Case Management Conference on July 28, 2011 as scheduled.

**IT IS SO ORDERED.**

Dated: July 19, 2011

_____
LUCY H. KOH
United States District Judge