1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | Case No.: 11-CV-0506-LHK |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| v. ) | MOTION  TO STRIKE AS MOOT |
| NGOC HA T. NGUYEN, individually and d/b/a ) | |
| VI SAO CAFÉ, a/k/a SAO RESTAURANT, ) | |
| Defendants. ) | |

Plaintiff Joe Hand Promotions, Inc., filed its Complaint on February 2, 2011, to which Defendant Ngoc Ha T. Nguyen filed a one-sentence Answer Presenting Defenses Under Rule 12(b) on March 22, 2011.  *See* ECF No. 1 and 5.  The Court granted Plaintiff's Motion to Strike Answer with leave to amend on July 19, 2011.  *See* ECF No. 13.

Defendant filed a First Amended Answer to Complaint on August 16, 2011, which included sixteen affirmative defenses: (1) failure to state a cause of action; (2) lack of subject matter jurisdiction; (3) lack of standing; (4) statute of limitations, doctrine of laches; (5) failure to mitigate; (6) waiver; (7) entrapment by estoppel; (8) comparative fault; (9) estoppel; (10) intervening acts; (11) alleged actions were not intentional; (12) lack of proximate cause; (13) undue hardship; (14) undue penalty; (15) unclean hands; (16) unjust enrichment.  *See* ECF No. 18.  On September 2, 2011, Plaintiff filed a Notice of Motion and Motion to Strike Defendant's Affirmative Defenses with a Memorandum of Points and Authorities seeking to strike each of

1

Plaintiff's sixteen affirmative defenses for failure to satisfy the legal standard necessary to sustain any of these affirmative defenses.  *See* ECF No. 20.  However, on October 13, 2011, the Court appointed pro bono counsel for Defendant, Attorney Sayuri K. Sharper, who then, with permission of Plaintiff, filed Defendant's Second Amended Answer to Plaintiff's Complaint.  *See* ECF No. 34 and 35.  Defendant's Second Amended Answer to Plaintiff's Complaint contains only three affirmative defenses: (1) lack of knowledge; (2) improper double recovery; and (3) cumulative damages.  *See* ECF No. 35.  Since none of these affirmative defenses are addressed in Plaintiff's Motion to Strike, Plaintiff's Motion is mooted by Defendant's Second Amended Answer.

Therefore, the Court DENIES Plaintiff's motion as moot.  Accordingly, the hearing on the motion set for December 1, 2011, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 22, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-00506-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT